126 So.2d 199

Emma WILKERSON et al.

v.

M. L. MOORER et al.

I Div. 922.

Supreme Court of Alabama.

Jan. 12, 1961.

Wallace P. Pruitt, Chatom, for appellants.

Grady W. Hurst, Jr., Chatom, for appellee Moorer.

STAKELY, Justice.

This is an appeal from a final decree of the Circuit Court of Washington County, in Equity, and is the second appeal in this case. See Wilkerson v. Moorer, 267 Ala. 296, 101 So.2d 287.

Appellants brought a suit to establish title to certain lands situate in Washington County, to recover for the cutting of timber and to redeem from a tax sale. There was a cross bill by the appellees. The facts and earlier proceedings are set forth in the opinion of the court on the first appeal of the case and need not be restated here, but the first opinion in this case should be considered and carefully read in order for the reader to have an understanding of this opinion. It is sufficient to say that in the earlier proceedings the trial court had rendered a decree in favor of respondents (appellees) Moorer and Stallworth and that complainants appealed from that decree. The only reason for the trial court's original holding and decree that appeared on the face of the decree was that the interest in the land of Albert Wilkerson, husband of complainant Emma Wilkerson and father of the other complainants, had been acquired by Stallworth at a partition sale to which Albert Wilkerson was joined as a party. This court pointed out in effect that this could not be a valid basis for the decree since Albert Wilkerson had earlier been sentenced to imprisonment for life and that, therefore, by virtue of § 3, Title 61, Code of 1940, Wilkerson was "civilly dead" and his interest in the land had passed from him to his heirs at a time prior to the sale. In other words, at the time of the partition sale Albert Wilkerson held no interest for Stallworth to acquire.

Appellees suggested other possible grounds on which the trial court's decree might be based. But in view of the confused state of the record and the court's unwillingness to venture a guess as to the reasons for the decree, the court considered it necessary to remand the cause "for further proceedings wherein the issues may be more clearly defined."

After the remandment, the parties resubmitted the cause by stipulation largely on the basis of the original record. Some additional testimony was taken, but this appears to add little of significance to the case.

The substance of the decree rendered in the instant case and from which this appeal is taken is as follows:

(1). That appellee M. L. Moorer owns an undivided 81/84 interest, less all oil, gas and other minerals and mineral rights; and that appellee M. C. Stallworth, Jr. owns an undivided 81/84 interest in all oil, gas and other minerals and mineral rights.

(2). That appellants Mable Wilkerson Andrews, Janet Wilkerson Andrews, and Mary Wilkerson each own an undivided 1/84 interest, but that Albert Wilkerson and appellees Emma, Robert, Herman, and Woolard Wilkerson and Lottie Wilkerson Waltman own no right, title or interest in or claim or encumbrance upon the property, and that the title is forever quieted as to them.

(3). That M. L. Moorer, M. C. Stallworth, Jr., Mable Wilkerson Andrews, Janet Wilkerson Andrews, and Mary Wilkerson are entitled to redeem from the tax sale to W. D. Wood in proportion as their interest as above decreed and that a reference be held to ascertain the amount that Wood is entitled to receive on the redemption. Provision is made for the apportionment of that amount among those entitled to redeem.

In support of these holdings the decree sets forth extensive findings of fact. The

more important of these are in substance as follows:

(1) That Albert Wilkerson received by deed conveyance from Will Byrd a 1/12 interest in the property; that Albert Wilkerson was convicted of murder and sentenced to life imprisonment in 1939 and that, by virtue of this sentence and the operation of § 3, Title 61, Code of 1940 and his civil death thereunder and his failure to make a will, his interest in the land descended as by intestacy to his wife Emma for her dower interest and his seven children under the statute of descent and distribution; that the property was not a homestead at the time of his civil death, as the Wilkerson family did not live on the property at that time; that Emma was debarred from her dower rights in the land as she did not within ten years make application therefor.

(2) That in 1940 F. L. Wilkerson, who owned a 1/2 interest in the property, filed petition in the Washington County Probate Court for the sale for division of the property as to himself and Albert Wilkerson, making Emma Wilkerson a party; that this proceeding was defective in that the Byrds, who owned 5/12 interest were not made parties and that Albert Wilkerson was made party instead of his children, to whom his interest had earlier passed on his civil death; that these proceedings were effective to pass to M. L. Stallworth the title of F. W. Wilkerson to the 1/2 interest, to bar Emma Wilkerson from subsequent collateral attack, and to lend color of title as to the rest of the property; that M. C. Stallworth went into possession and cut paperwood and in 1942 conveyed his interest to Tillman Weaver, reserving all gas, oil and mineral rights; that Weaver and wife conveyed in 1945 to Marvin and Anna Rivers, who that same year conveyed in turn to M. L. Moorer.

(3) That M. L. Moorer and his predecessors in title were in actual, open, notorious, exclusive, continuous and hostile adverse possession of the property under color of title for more than ten years before the present suit was instituted.

(4) That Lottie Wilkerson Waltman, Robert Wilkerson, Herman Wilkerson, and Woolard Wilkerson had each attained 21 years of age more than three years prior to the time the suit was filed; but that Mable Wilkerson Andrews, Jean Wilkerson Andrews, and Mary Wilkerson were yet minors when the suit was filed or had attained 21 years less than three years before this suit was filed. Title 7, § 36, Code of 1940, allows a minor three years after attaining the age of twenty-one years to sue for the recovery of property. The finding is thus controlling on the question of adverse possession as against these three parties.

(5) That the tax sale of 1946 to W. D. Wood was invalid, since no personal service was made on Weaver or Moorer.

(6) That a certified copy of a deed, introduced in evidence by appellants, from F. L. Wilkerson to Albert Wilkerson and purported to be dated December 18, 1933, was in fact executed in 1952 and not in 1933.

There are seventeen assignments of error on this appeal, relating for the most part to the supposed error of the trial court in granting the above decree and in making the above findings of fact. Appellants' position in brief seems to be that the evidence is insufficient to support the findings and the decree and that the decree is somehow inconsistent with the opinion of this court on the prior appeal. Appellants set forth no propositions of law in support of their position. Their arguments as to most of the assignments of error are but a restatement of the assignments of error.

We see no conflict between the trial court's decree and the earlier opinion of this court nor have appellants pointed out any real conflict.

We do not consider that the trial court's findings and decree are unsupported by the evidence. The transcript is extensive and we cannot now attempt to set forth all the

testimony. We note, however, that appellants make an attack on the trial court's finding that M. L. Moorer obtained title by adverse possession under color of title for more than ten years prior to the filing of this suit. Appellants contend that there is evidence to the effect that Maude Cooley, sister of Emma Wilkerson, lived in a house on the property by permission of the Wilkerson family until Weaver bought the land from Stallworth in July 1942 and destroyed the house, which evidence appellants regard as showing that the Wilkersons were in possession of the property through Maude Cooley until July 1942, less than ten years before this suit was filed. But the evidence to which appellants direct our attention we cannot say shows that any one conclusion must necessarily be drawn as to the time when Maude Cooley left the property, except perhaps that it was some time before December 1943. In addition, there is testimony by Maude Cooley from which it could be inferred that part of her stay on the land was by the permission of Weaver and further that during the time she was on the land the appellees were cutting timber and continued to do so even though forbidden by Emma Wilkerson. On the basis of this evidence we are unable to say that the trial court's finding of adverse possession for more than ten years was erroneous. The resolution of any conflicts in the evidence and the determination of questions of the credibility of witnesses are obviously for the trial court, unless clearly and palpably wrong.

Appellants also attack the trial court's finding that the deed from F. L. Wilkerson and his wife Alma to Albert Wilkerson was executed not in 1933 as was purported but in 1952. This finding is supported by the testimony of the grantors.

Since we find no ground for reversal, the decree of the trial court must be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.